UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEVIN M.S. OLLIE,

        Plaintiff,

    v.                            Case No. 19-cv-271-pp

WISCONSIN COMMUNITY SERVICES "WCS",
STAFF, RECEPTIONIST, SECURITY and PATIENT,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

---

The plaintiff filed a complaint against "Wisconsin Community Services: staff, receptionist, security, and patients" for violating his rights. Dkt. No. 1. He also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. Although the court agrees that the plaintiff does not have the money to prepay the filing fee, the court will dismiss the case for failure to state a claim upon which relief can be granted.

## I. Plaintiff's Ability to Pay the Filing Fee

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he does not have any

income of any kind. Dkt. No. 2 at 1-2. The form indicates that the plaintiff has

$600 a month in expenses—$300 a month for rent and $300 a month for

utilities. Id. at 2-3. He doesn't own any property of value. Id. at 3. Based on the

information in the request, the court concludes that the plaintiff does not have

the ability to pay the filing fee.

**II.    Screening**

The court next must decide whether the plaintiff has raised claims that

are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune

from such relief. 28 U.S.C. § 1915A(b). To state a claim under the federal notice

pleading system, a plaintiff must provide a "short and plain statement of the

claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff

does not need to plead every fact supporting his claims; he needs only to give

the defendant fair notice of the claim and the grounds upon which it rests. Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355

U.S. 41, 47 (1957) ). At the same time, the allegations "must be enough to raise

a right to relief above the speculative level." Id., 550 U.S. at 555. Because the

plaintiff represents himself, the court must liberally construe the allegations of

his complaint. Erikson v. Pardus, 551 U.S. 89, 94 (2007).

    A.    Facts Alleged in the Complaint

The plaintiff says that on January 15, 2019, he returned to Wisconsin

Community Services. Dkt. No. 1 at 3. He says that he met the receptionist

there, and that right away, the receptionist "gave [the plaintiff] a hard time." Id.

The plaintiff says that this continued to happen "generally speaking throughout W.C.S.," which led him to file two grievances. Id. The plaintiff expresses bewilderment that "they" would "do it," knowing that he was "vulnerable, susceptible to physical or emotional attack or harm." Id. The plaintiff also says that he hopes that this will be "the last time I have to get in altercation, a noisy argument or disagreement, especially in public, yet again, about miscommunication, or reading my rights on the wall to checking in." Id. at 2.

The plaintiff indicates that he is suing under state law and seeking more than $75,000. Id. at 4. He says that he needs the money from this lawsuit to run his business, repair his image and feed his family. Id. The plaintiff concludes by stating that the defendants have money, income and property. Id.

B.      Analysis

There are limits on the kinds of cases that a federal court may consider. They can consider and decide cases that involve violations of *federal* laws or the *federal* Constitution. 28 U.S.C. §1331. Federal courts also can consider and decide lawsuits between citizens of different states, if the amount they are fighting over is more than $75,000. 28 U.S.C. §§1332. Federal courts *cannot* consider and decide lawsuits that involve state law, unless the plaintiff and the defendant are from two different states, or unless the state-law claims relate to a federal claim.

In his complaint, the plaintiff says he is suing under *state* law. The only way this court has the jurisdiction to consider state law claims is if the plaintiff lives in a different state from the people or entities he is suing. The plaintiff

lives at 5933, N. 37th Street in Milwaukee, Wisconsin, and the defendant,

Wisconsin Community Services, also is in Milwaukee. The court does not know

(because the plaintiff did not say), but it suspects that the staff, receptionist,

security and patients at Wisconsin Community Services also live in Wisconsin.

That means that court does not have the authority to hear and decide any state

law claims the plaintiff may be trying to raise. The place to raise state law

claims is in state court.

Because the plaintiff is representing himself, the court also has

considered whether the plaintiff might be trying to allege that the defendants

somehow violated a federal law or the United States Constitution. Under 42

U.S.C. §1983, a person may sue a "state actor" who violates his constitutional

rights. The plaintiff has sued Wisconsin Community Services, a 501(c)(3)

agency[1] in southeastern Wisconsin. WCS is not a "state actor," and none of its

employees—including the receptionist—are "state actors." So even if WCS or

the receptionist or anyone else at WCS violated one of the plaintiff's

constitutional rights, he could not sue them under 42 U.S.C. §1983.

It sounds as if the plaintiff is alleging that he was treated disrespectfully

by the WCS receptionist and other staff members. This is truly unfortunate—

the plaintiff is right that patients should be treated with dignity and respect,

and not be harassed. There *is* a law that lays out the rights of patients who are

receiving treatment for mental illness, developmental disabilities, alcoholism or

---

[1] See https://www.wiscs.org/about/

drug dependency. It is Wis. Stat. §51.61, "Patients Rights." But that is a *state* statute, not a federal statute. The state court, not this federal court, has the jurisdiction to hear cases involving violations of that statute.

The court is not aware of any federal law, or any provision of the federal Constitution, that provides a cause of action for someone who believes that he has been treated disrespectfully by the staff of a non-profit organization. Because the plaintiff has not stated a claim for which a federal court can grant relief, the court must dismiss his case.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DISMISSES** the case for failure to state a claim upon which relief can be granted by this court.

Dated in Milwaukee, Wisconsin this 26th day of February, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**